{¶ 50} I concur with the majority as to its analysis and disposition of the first assignment of error.
 {¶ 51} I respectfully dissent from the majority as to its disposition of the second assignment of error. I find that the trial court did abuse its discretion when it failed to take into account appellee's Social Security benefits and, thereby, created an inequitable division of marital property.
 {¶ 52} R.C. Section 3105.171(B) states in part: ". . . the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. . . ." 3105.171(C)(1) states in part: ". . . If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." In making a division of marital property, the court shall consider, inter alia, the duration of the marriage, the assets and liabilities of the parties and any other factor that the court expressly finds to be relevant and equitable. R.C. 3105.171(F).
 {¶ 53} I find that, based on the particular facts of this case, the trial court abused its discretion in failing to consider the disparate Social Security benefits of the parties when dividing the marital assets. The parties were married for thirty-seven years. Each is approximately sixty years old. One has paid into a defined benefit public pension and has little present value in Social Security benefits, and one has Social Security benefits with a sizeable present value. In addition, appellee's spousal support obligation terminates when he is sixty-five years of age, and, thus, he will not be paying spousal support from his Social Security benefits after that date. Therefore, I find that an equal *Page 17 
division of marital assets in the case sub judice is not an equitable division of marital assets.
 {¶ 54} Accordingly, I would sustain appellant's second assignment of error and reverse and remand this matter to the trial court for an equitable division of marital assets. The present value of the marital portion of the Social Security benefits of the appellee should have been considered at least to the extent those benefits offset the present values of the marital portion of the appellant's Social Security benefits and public employment defined benefit plan. *Page 1